# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

CITY WIDE CONSTRUCTION )
PRODUCTS COMPANY, )
  )
    Plaintiff, )
  )
    vs. )     Case No.  6:24-cv-03005-MDH
  )
TEAMSTERS LOCAL UNION NO. 245 )
  )
    Defendant. )

## <u>ORDER</u>

Before the Court are Defendant Teamsters Local Union No. 245's ("the Union") Motion for Summary Judgment (Doc. 15) and City Wide Construction Product Company's ("City Wide") Motion for Summary Judgment (Doc. 17).  For the reasons herein, the Union's Motion for Summary Judgment (Doc. 15) is **GRANTED** and City Wide's Motion for Summary Judgment (Doc. 17) is **DENIED**.

## BACKGROUND

This case arises out of an arbitration opinion and award from a dispute between City Wide and the Union. City Wide is a domestic business which operates in Ozark and Billings, Missouri. The Union is an unincorporated association that maintains its principal place of business in the judicial district.

On August 18, 2022 the Union filed a grievance concerning the release of drivers without respect to seniority (the "Grievance"). The Grievance alleged that the company unilaterally began releasing drivers from duty for the day out of seniority order as early as Friday, August 12, 2022. The Grievance submitted by the Union was not resolved to the mutual satisfaction of both parties

1

during the grievance procedure and the Grievance proceeded to arbitration pursuant to the Collective Bargaining Agreement ("CBA"). The Arbitrator found the issue of the case to be "[i]f the City Wide violated the parties' contract concerning the circumstances of this case? If so, what shall the remedy be?" The Arbitrator's decision found that the CBA clearly and undisputedly provides that all drivers will be called into work according to seniority as well as laid off and recalled by seniority. The Arbitrator issued an award requiring City Wide to pay employees impacted by the change backpay, lost benefits, and to cease and desist releasing drivers without regard to seniority.

City Wide now asks the Court to vacate the arbitration award arguing it fails to draw its essence from the CBA and it impermissibly adds or modifies the CBA. The Union asks this Court to dismiss Plaintiff's Complaint arguing that the Arbitrator drew from the essence from the CBA and is therefore valid and enforceable.

## STANDARD OF REVIEW

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than

simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

The Supreme Court has upheld the power of federal courts to enforce or vacate labor arbitration awards under Section 301 of the Labor-Management Relations Act based on its authority to compel labor arbitration. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596–599, 80 S. Ct. 1358, 1361, 4 L. Ed. 2d 1424 (1960). Courts asked to enforce or vacate labor arbitration awards are deferential to the arbitrator's analyses, interpretations of the CBA, law, and evidentiary and procedural rulings. *Id*. Courts will refuse to enforce an award only if: the arbitrator's award does not "draw its essence" from the CBA; the arbitrator exceeded the authority granted by the parties or the issues submitted to him by the parties; or if the arbitrator's award violates well-established public policy. *See Id*; *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 103 S. Ct. 2177, 76 L. Ed. 2d 298 (1983).

## I.      The Union's Motion for Summary Judgment (Doc. 15)

In its Motion for Summary Judgment, the Union advances three arguments: (1) the Arbitrator's award draws its essence from the CBA; (2) the Arbitrator's statement of the issue did not exceed his authority; and (3) the Company waived its argument by its own submission of the issue to the Arbitrator. The Court will take each in turn.

### a.   The Arbitrator's Award

The Union argues that the Arbitrator had broad authority to interpret the CBA, and that the Arbitrator found in favor of the Union based solely on the language found within the CBA. Plaintiff argues that Article V, Section 11 does not address drivers being relieved from duty for the day.

3

Plaintiff states that an arbitration award based on an interpretation that requires a provision to be effectively rewritten does not draw its essence from the contract. Additionally, Plaintiff argues that the arbitrators award impermissibly adds to or modifies the CBA.

An arbitration award "draws its essence" from the CBA and should be enforced if it comprises an attempt by the arbitrator to interpret a CBA; and does not comprise the arbitrator's views about what would be right or wrong, or his "brand of industrial justice." *United Steelworks of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S. Ct. 1358, 1361, 4 L. Ed. 2d 1424 (1960). Labor arbitrators can look for guidance from many sources when rendering awards. *Id*. Courts should not review arbitration awards for the correct application of the law because requiring courts to review the merits of every award would undermine policy favoring resolving labor disputes through labor arbitration. *Id* at 596.

Here, the Arbitrator drew from the essence of the CBA and there is no indication that it comprised the arbitrator's brand of justice. Article IV, Section 4 of the CBA allows the Arbitrator to "have the right to construe the Agreement, but not to change the same. The decision of the arbitrator shall be final and binding on both parties." (Doc. 1-2, page 5). The parties submitted their argument to the Arbitrator. The Arbitrator found for the Union on his interpretation of Article V, Section 11. Article V, Section 11 reads "[a]ll drivers will be called in according to seniority and will be laid off and recalled according to seniority." (Doc. 1-2, page 6). The Arbitrator reasoned that Article V, Section 11 clearly and undisputedly mandates seniority in the call-in procedure, including layoffs and recall. (Doc. 1-4, page 8). The Arbitrator further stated "[g]iven the clear provisions of Article V, Section 11, [City Wide] does not have the authority to unilaterally call in employees in whatever order it wishes to do so, and must instead follow the clear contractual requirement for calling in of employees by seniority[.]". *Id*.

4

It is clear from the Arbitrator's opinion that he based his conclusion off the plain meaning of Article V, Section 11. As the Arbitrator construed the section and made a decision based off his understanding of the issues presented by both parties, the Court finds that the Arbitrator did draw from the essence of the CBA, specifically Article V, Section 11.

**b. The Arbitrator's Statement of the Issue**

The Union next argues that since the parties did not agree on the issue for arbitration, that the Arbitrator was well within the scope of his authority to determine and clarify the issue at hand. Plaintiff does not challenge the authority of the Arbitrator to frame the issues before him given that the parties were unable to stipulate to the issue.

The Court finds this point is not disputed. "It is appropriate for the arbitrator to decide just what the issue was that was submitted to it and argued by the parties." *Nat'l Football League Players Ass'n on behalf of Peterson v. Nat'l Football League*, 831 F.3d 985, 997 (8th Cir. 2016) (citing *Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers*, 461 U.S. 757, 765, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983)). An arbitrator's interpretation of the scope of the issue submitted to him is entitled to the same deference accorded his interpretation of the CBA. *Nat'l Football League Players Ass'n on behalf of Peterson v. Nat'l Football League*, 831 F.3d 985, 997 (8th Cir. 2016). The Arbitrator's statement of the issue is appropriate.

**c. The Company's Argument to the Arbitrator**

In the alternative, the Union argues that even if the Arbitrator's statement of the issue was improper, the Company waived this argument by submitting an issue completely unrelated to the exact text of the grievance. Plaintiff assets in has not waived any of its arguments on the basis that it failed to present them to the Arbitrator as they have submitted their arguments in the post-hearing brief.

5

In general, federal courts do not permit a party to withhold an issue or argument during arbitration and then, upon losing, raise it to the reviewing court. *Boehringer Ingelheim Vetmedica, Inc. v. United Food & Com. Workers*, 739 F.3d 1136, 1140 (8th Cir. 2014). Plaintiff has not waived their argument because they raised it during the arbitration. Plaintiff argues that Article V, Section 11 dealt with the issue of layoffs and not the issue of release from duty for the day, arguing otherwise that would be an arbitral rewrite of the CBA. In the Arbitrator's opinion he cites City Wide's position as "[t]he Union in these circumstances is asking the arbitrator to ignore management rights and rewrite the contract to add a third contractual guarantee that, when drivers are released from duty a the end of the workday, [City Wide] must release them in strict reverse seniority order." (Doc. 1-4, page 7). Plaintiff has argued its position during arbitration and has not waived its right to argue it at the district court level.

## II. City Wide's Motion for Summary Judgment (Doc. 17)

Plaintiff City Wide's argues in support of its Motion for Summary Judgment that the Arbitrator's opinion and award fails to draw its essence from the CBA and must be vacated. Specifically, the opinion and award ignore the plain meanings of the distinction between "laid off" and "relieved from duty for the day" and that the opinion and award impermissibly adds to or modifies the CBA.

### a. Plain Meaning

Plaintiff argues Article V, Section 11 does not include the term "relieved from duty for the day" and that the parties did not intend for Article V, Section 11 to include that language since they did not amend the provision during their negotiations. Defendant argues that the Arbitrator's award properly draws its essence from the plain language of the CBA between the parties and should be enforced.

6

As already discussed above, the Arbitrator's opinion and award draws its essence from the CBA. Article IV, Section 4 of the CBA allows the Arbitrator to "have the right to construe the Agreement, but not to change the same. The decision of the arbitrator shall be final and binding on both parties." (Doc. 1-2, page 6). The Arbitrator's opinion based his conclusion off the plain meaning of Article V, Section 11. As the Arbitrator construed the section and made a decision based off his understanding of the issues presented by both parties, the Court finds that the Arbitrator did draw from the essence of the CBA, specifically Article V, Section 11.

### b. Adds to or Modifies the CBA

Plaintiff argues that the Arbitrator's opinion and award impermissibly adds to or modifies the CBA. Specifically, Plaintiff states it either reads into Article V, Section 11 "relieved from Duty for the Day" or modified the CBA to incorporate being relieved from Duty for the Day in reverse seniority order. Defendant argues that the CBA granted the Arbitrator "the right to construe the Agreement" and that he did not exceed his authority with his opinion or award.

Here, the Arbitrator was fully briefed on City Wide's position as documented within the Arbitrator's opinion and award. (Doc. 1-4, pages 6-7). The Arbitrator reasoned:

> That [City Wide] call-in procedure change is clearly contrary to what [City Wide] agreed upon in negotiations with the Union in this area. The applicable contract provision undisputedly requires, among other things, that "all driver's will be called in according to seniority." Given the clear provisions of Article V, Section 11, [City Wide] does not have the authority to unilaterally call in employees in whatever order it wishes to do so, and must instead follow the clear contractual requirement for calling in of employees by seniority contained in Article V, Section 11.

(Doc. 1-4, page 8) (citing Doc. 1-2, page 6). Article IV, Section 4 of the CBA allows the Arbitrator "the right to construe the Agreement, but not to change the same. The decision of the arbitrator shall be final and binding on both parties." (Doc. 1-2, page 5). The Arbitrator construed the agreement to mean all drivers will be called in and recalled according to seniority. The question of interpretation of the collective bargaining agreement is a question for the arbitrator. "It is the

arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S. Ct. 1358, 1362, 4 L. Ed. 2d 1424 (1960).

## CONCLUSION

For foregoing reasons, the Union's Motion for Summary Judgment (Doc. 15) is **GRANTED** and City Wide's Motion for Summary Judgment (Doc. 17) is **DENIED**.  Summary Judgment is entered in favor of Defendant.

**IT IS SO ORDERED**.
DATED: December 19, 2024                    */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**