IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CITY WIDE CONSTRUCTION PRODUCTS COMPANY | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 6:24-cv-03005-MDH ) |
| TEAMSTERS LOCAL UNION NO. 245, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff's Motion for Stay of Execution of Judgment and for Leave to Deposit Judgment into Court. (Doc. 26). Defendant has filed its suggestions in opposition. (Doc. 29) and Plaintiff has responded. (Doc. 30). The matter being fully briefed is now ripe for adjudication. For the reasons stated herein, Plaintiff's Motion for Stay of Execution of Judgment and for Leave to Deposit into Court is **GRANTED**.

## BACKGROUND

On August 18, 2022 the Union filed a grievance concerning the release of drivers without respect to seniority (the "Grievance"). The Grievance alleged that the company unilaterally began releasing drivers from duty for the day out of seniority order as early as Friday, August 12, 2022. The Grievance submitted by the Union was not resolved to the mutual satisfaction of both parties during the grievance procedure and the Grievance proceeded to arbitration pursuant to the Collective Bargaining Agreement ("CBA"). The Arbitrator found the issue of the case to be "[i]f City Wide violated the parties' contract concerning the circumstances of this case? If so, what shall the remedy be?" The Arbitrator's decision found that the CBA clearly and undisputedly provides

1

that all drivers will be called into work according to seniority as well as laid off and recalled by seniority. The Arbitrator issued an award requiring City Wide to pay employees impacted by the change backpay, lost benefits, and to cease and desist releasing drivers without regard to seniority.

On January 2, 2024 the City Wide filed a complaint with this Court against the Union seeking to vacate the arbitration award. On December 19, 2024 this Court granted the Union's Summary Judgment motion dismissing City Wide's Complaint. (Doc. 23). City Wide has filed its current motion seeking leave permitting it to deposit with the Court $70,804.30, the money required to be paid to impacted by employees by the Court's final judgment. They seek to deposit the funds, so the judgment entered by this Court as to the monetary award is stayed while Plaintiff appeals the case to the Eighth Circuit. Plaintiff has filed its Notice of Appeal to the Eighth Circuit. (Doc. 25).

**STANDARD**

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). A party on notice to every other party and by leave of court may deposit with the court all or part of the money to the clerk with a copy of the order permitting deposit. Fed. R. Civ. P. 67(a). "Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute. The money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing account." Fed. R. Civ. P. 67(b).

**ANALYSIS**

Plaintiff argues that it is entitled, upon providing the requisite security, to a stay pending appeal as a matter of right pursuant to Fed. R. Civ. P. 62(b). Defendant argues the Court should deny Plaintiff's motion for a stay based on the four-factor test established by the Supreme Court case in *Hilton v. Braunskill*, 481 U.S. 770 (1987).

A stay of a money judgment is a matter of right when a party posts an appeal bond. *Godfrey v. State Farm Fire & Cas. Co.*, No. 18-CV-524 (JNE/TNL), 2020 WL 13589911, at *2 (D. Minn. Mar. 17, 2020) (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)).

> A supersedeas, like an appeal, is a matter of right, and its allowance does not rest in the sound discretion of the court or judge … The cases in which the writ or the appeal … is a supersedeas are determined by acts of Congress and not by the opinion or discretion of the judge or justice. His only function is to determine whether or not the security offered is good and sufficient. If it is, it is his duty to take it, and upon his acceptance of it the execution of the judgment or decrees is stayed[.]

*In re Havens Steel Co.*, No. 04-41574-(JWV), 2005 WL 562733, at *5 (W.D. Mo. Jan 12, 2005) (quoting *McCourt v. Singers-Bigger*, 150 F.102, 104-05 (8th Cir. 1906)). An appellant is not entitled to a stay as a matter of right where an appeal is taken form an order on an injunction, receivership, or directing an accounting in a patent infringement action. Fed. R. Civ. P. 62(c). Stays pending appeal on these orders are discretionary. Generally, when determining whether a discretionary stay should be granted, the courts consider four factors:

> (1) The likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant would suffer irreparable harm if the stay is not granted; (3) whether the other parties would suffer substantial harm if the stay is granted; and (4) whether the public interest would be harmed if the stay was granted.

*In re Havens Steel Co.*, No. 04-41574-(JWV), 2005 WL 562733, at *6 (W.D. Mo. Jan 12, 2005) (quoting Collier on Bankruptcy ¶ 8005.07 (Alan N. Resnick & Henry J. Sommers, Eds., 15th Ed. Rev. 2004).

Here, Defendant does not argue the amount in question of the security bond offered to the Court, but rather the Court's authority to deny the bond. Defendant misconstrues the *Hilton* Test. The *Hilton* Test allows a district court to stay an injunction, receivership, or patent accounting order pending appeal by balancing: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987).

This case deals with Fed. R. Civ. P. 62(b) which deals with a stay by bond or other security, also known as a supersedeas bond. This district and the Eighth Circuit have constantly held that a supersedeas bond is a matter of right, in which the court's function is to determine whether or not the security offered is good and sufficient. *In re Havens Steel Co.*, No. 04-41574-(JWV), 2005 WL 562733, at *5; *see also American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (U.S. 1966); *Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11-CV-04321-NKL, 2015 WL 4159988 (W.D. Mo. July 9, 2015). Given this matter is regarding a supersedeas bond, the Defendant does not object to the amount in question, and the Court finds no indication that Plaintiff would be unable to post the security bond to the Court, the Court hereby **GRANTS** Plaintiff's Motion.

## CONCLUSION

4

Case 6:24-cv-03005-MDH    Document 31    Filed 02/20/25    Page 4 of 5

The Court having entered a final judgment and upon motion from the Plaintiff find that Plaintiff has satisfied Fed. R. Civ. P. 62(b) and 67(a). Plaintiff's Motion for Stay of Execution of Judgment and for Leave to Deposit Judgment into Court **GRANTED**. Plaintiff will deposit the funds with the Court within 14 days of this Order. It is **FURTHER ORDERED** that the Clerk is to accept and to deposit into the registry of the Court said funds into an interest-bearing account and maintain the same pending adjudication of the appeal from the Eighth Circuit.

**IT IS SO ORDERED.**
DATED: February 20, 2025

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**